UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TYLER M FRY,

Plaintiff,

v.

PORTCO CORPORATION,

Defendant.

CASE NO. 3:26-cv-05649-JNW

ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT

## 1. INTRODUCTION

This matter comes before the Court on Defendant Portco Corporation's motion to set aside the order of default and default judgment that the Cowlitz Superior Court entered before this case was removed. Dkt. No. 3. Portco brings the motion under Federal Rules of Civil Procedure 55(c) and 60(b). *Id.* Having reviewed the motion and the record, the Court GRANTS the motion for the reasons discussed below.

## 2. BACKGROUND

Plaintiff Tyler M. Fry sues his former employer, Portco, for wrongful termination and negligent infliction of emotional distress. *See generally,* Dkt. No. 1-

1. He filed suit in Cowlitz County Superior Court and served Portco on May 18, 2026.

Portco retained counsel right away. Counsel calendared the removal deadline, drafted a notice of appearance, evaluated removal based on the FMLA claim, and interviewed three witnesses in preparation for an answer. Dkt. No. 4 ¶¶ 3–4. But counsel never filed a notice of appearance.

On June 12, 2026—four days after Portco's deadline to appear passed—Fry obtained an order of default and a default judgment. On June 16, 2026, Portco removed the case to federal court and on June 18, 2026, Portco filed this motion.

## 3. DISCUSSION

### 3.1 Legal standard.

A federal court takes a removed case "as it finds it on removal." *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir.1963). A default judgment entered before removal is treated as validly rendered in the federal proceeding. *Id.* at 785–86. But after removal, federal law governs the future course of the case, notwithstanding any orders or judgments issued prior to removal. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 437 (1974). So Rules 55(c) and 60(b) supply the standard here.

Rule 55(c) lets the Court set aside an entry of default for good cause and set aside a final default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)."

*Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). Thus, in applying Rule 55(c), the court must consider three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The factors are disjunctive and the court is "free to deny the motion 'if any of the three factors [is] true.'" *Franchise Holding II*, 375 F.3d at 926. The Ninth Circuit has expressed that default judgments are disfavored, and when a defendant timely seeks relief from judgment and has a meritorious defense, any doubt is resolved in favor of vacating the default. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). Except in "extreme circumstances," a case should be decided on the merits rather than by default. *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Courts have broad discretion in vacating an entry of default. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

### 3.2 Setting the default aside will not prejudice Fry.

Prejudice turns on whether setting aside the default will hinder Fry's ability to pursue his claim. *Falk*, 739 F.2d at 463. Delay alone is not enough, unless it results in tangible harm. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). Fry points to one harm: the attorney fees he spent obtaining the default and opposing this motion. But those fees are not the kind of prejudice that justifies preserving the judgment. *See, e.g., Trs. of the S. California IBEW-NECA Pension Plan v. Chavez*, No. 07-07917 MMM (VBKX), 2008 WL 11338026, at *5

(C.D. Cal. Dec. 2, 2008) (cost of litigation does not prejudice plaintiff); *Homefront, Inc. v. Cashmere Crafts, Inc.*, No. C 05-0597 PJH, 2005 WL 3369988, *8 (N.D. Cal. Dec. 12, 2005) (finding no prejudice simply because a party is compelled to litigate its claims on the merits). Fry identifies no lost evidence, no missing witness, and no added difficulty in discovery. With six days between the judgment and Portco's motion, it is hard to see how he could. Fry stands where he stood before he sought the default. This factor weighs in Portco's favor.

**3.3 Portco has alleged a meritorious defense.**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle,* 615 F.3d at 1094. A defendant need only "allege sufficient facts that, if true, would constitute a defense." *Id*. Here, Portco argues that Fry was not wrongfully terminated from his employment for taking parental leave when his child was born, but rather was terminated for his poor sales performance. Dkt. No. 5. If true, this would constitute a legally cognizable defense. This is all that is required at this stage. This factor favors Portco.

**3.4 Portco's failure to appear was not culpable conduct.**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092. A "conscious choice not to answer" a complaint is not enough; "the movant must have acted with bad faith." *Id.* "[I]n this context the term 'intentionally' means

that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith." *Id*. "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable[.]" *Id*.

Fry offers no evidence of culpable conduct. Portco's counsel was not trying to abandon or delay the case. In fact, counsel was actively working on this matter soon after it was filed by preparing a notice of removal, interviewing witnesses, and drafting the Answer to the Complaint. Dkt. No. 4. Within a week of learning about the orders of default and default judgment, Portco's counsel promptly filed this motion. This factor favors Portco.

Thus, all three factors favor Portco. Portco was not culpable, it alleged facts sufficient to establish at least one meritorious defense, and setting aside the orders would not prejudice Fry.

### 3.5 Counsel's neglect was excusable.

Fry argues that counsel's failure to file a timely appearance is not excusable neglect under Rule 60(b)(1). *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 394 (1993). Fry relies on *Speiser, Krause & Madole, P.C. v. Ortiz*, 271 F.3d 884 (9th Cir. 2001). In *Speiser,* defense counsel misunderstood the rules governing the deadline for filing an answer, whereas here Portco's counsel understood the rules, they were neglectful in calendaring the deadline. Attorney error and mistake can constitute excusable neglect depending on the circumstances of the case. *Pioneer*, 507 U.S. at 395; *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220,

1224–25 (9th Cir. 2000). The equitable analysis in *Pioneer* and *Bateman* weighs in Portco's favor for the same reasons the good cause analysis above does. *Bateman*, 231 F.3d at 1223–24 (citing *Pioneer*, 507 U.S. at 395) (weighing four non-exclusive factors including: (1) prejudice to opposing party; (2) length of delay and impact on proceedings; (3) reason for the delay; and (4) whether the movant acted in good faith).

### 3.6 The Court will not award attorneys fees and costs.

Fry asks that if the Court vacates the order, it require Portco to reimburse Fry for the fees and costs he has incurred in obtaining and litigating the default order and judgment. Dkt. No. 13 at 3. Fry has failed to justify the fee award he seeks. Given the minimal work in requesting entry of default and the limited nature of Fry's opposition of the motion, the Court does not find an award of fees is justified here.

## 4. CONCLUSION

Accordingly, the Court orders as follows:

1. Portco's motion to set aside the order of default and default judgment is GRANTED. The state court order of default and order of default judgment are VACATED.
2. Fry's alternative request for an award of fees and costs as a condition of relief is DENIED.
3. Portco must file a response to the complaint within 21 days of this order.

Dated this 25th day of August, 2026.

Jamal N. Whitehead
United States District Judge